IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARLINGTON COUNTY DEPARTMENT OF HUMAN SERVICES, ) ) ) ) Plaintiff, ) ) vs. ) ) BEATRICE RIVERA, ) ) Defendant. ) | CIV. ACT. NO. 1:22-cv-332-TFM-B |

## MEMORANDUM OPINION AND ORDER

On August 31, 2022, the Magistrate Judge entered a Report and Recommendation which recommends this action be remanded to the Circuit Court of Arlington County, Virginia as this court lacks jurisdiction. *See* Doc. 4. The Court adopted the Report and Recommendation on October 6, 2022 and directed that this case be remanded back to the Circuit Court of Arlington County, Virginia as this court lacked subject-matter jurisdiction over the case. *See* Doc. 6. This case has been closed in this Court for over two years.

On January 31, 2025, the Court received a document from Beatrice Rivera ("Rivera") which is entitled "Motion to Declare when this Court had Jurisdiction of the Above Case and to State Court Actions Void for Lack of Jurisdiction and to Halt Enforcement of State Court Orders". *See* Doc. 8. The Court can only assume that this is a motion for reconsideration brought pursuant to Fed. R. Civ. P. 60(b), though there is no direct reference to the rule. Rivera does cite *Kocher v. Dow Chem. Co.*, 132 F.3d 1225 (8th Cir. 1997) and a review of that case shows it relates to a Rule 60 motion for reconsideration. Therefore, the Court **CONSTRUES** this document as a motion to reconsider under Rule 60(b).

Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1). As it is well beyond one year, the only sections of Rule 60(b) the Court may consider are (4), (5), and (6).

Reviewing under Rule 60(b)(4)-(6), the Court finds no basis to grant Plaintiff relief. Nothing in the motion changes the Court's prior jurisdictional analysis – specifically that the Court lacks jurisdiction. Even considering Rivera's *pro se* status and liberally considering her motion, the Court finds no basis to provide relief.

Therefore, the motion to reconsider (Doc. 8) is **DENIED.**

**DONE** and **ORDERED** this 6th day of February, 2025.

>               /s/Terry F. Moorer
>               TERRY F. MOORER
>               UNITED STATES DISTRICT JUDGE